USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:<u>11/12/2014</u>___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRAMERCY ADVISORS, LLC and GRAMERCY  :
FINANCIAL SERVICES LLC,
                                                                    :
                                                                    :
                                          Plaintiffs,    :              13-CV-9069 (VEC)
                                                                    :
                       -against-                         :              MEMORANDUM
                                                                    :              OPINION AND ORDER
DOUGLAS COE and JACQUELINE COE,         :
                                                                    :
                                          Defendants.   :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

The Court assumes the parties' familiarity with the facts of the case and directs readers to

its prior opinion.  *See* Dkt. 44, *Gramercy Advisors, LLC v. Coe*, No. 13-CV-9069(VEC), 2014

WL 4197370 (S.D.N.Y. Aug. 25, 2014) ("*Coe I*").  Defendants move for reconsideration of the

Court's August 25, 2014 Opinion denying in part their Motion to Dismiss the First Amended

Complaint ("FAC") or, in the alternative, for certification of that Opinion to the Court of

Appeals pursuant to 28 U.S.C. § 1292(b).  Dkt. 49.  For the following reasons, Defendants'

motion is DENIED.

## DISCUSSION

I.     **Defendants' Motion for Reconsideration Is Denied**

Defendants first seek reconsideration of the Court's August 25, 2014 Opinion pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules.  "A

motion for reconsideration should be granted only when the defendant identifies 'an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable*

*Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,

956 F.2d 1245, 1255 (2d Cir. 1992)).  These requirements are not to be taken lightly; "[t]he Second Circuit has instructed that Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'"  *Kubicek v. Westchester Cnty.*, No. 08-CV-372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

A motion for reconsideration is thus a tough row to hoe, and the Defendants' plough is not up for the task.  Defendants do not purport to identify a change in law or the availability of new evidence but assert that the part of the Court's prior opinion addressing the Investment Management Agreement's ("IMA") indemnification for inter-party suits constitutes a clear error. In support of this assertion, Defendants repackage arguments addressed by the Court's prior opinion.  The Court thus again rejects Defendants' arguments that the discussion of, *inter alia*, "fines and penalties" and "pleas of *nolo contendere*" in the IMA forecloses the possibility that the parties unmistakably intended the IMA's indemnification provision to *also* cover inter-party claims.  *Coe I*, 2014 WL 4197370, at *5.

The only "new" development Defendants cite is an opinion from the Northern District of New York that was available prior to their motion to dismiss; that decision is easily distinguished.  *See* Def. Mem. Law at 3 (citing *Islip U-Slip LLC v. Gander Mountain Co.*, 2 F. Supp. 3d 296 (N.D.N.Y. 2014)).  The *Islip* opinion does not alter the Court's analysis.  The landlord-tenant agreement in *Islip* appeared on its face to address the possibility that a third-party would sue the landlord for the tenant's misuse of the property and required the tenant to reimburse the landlord for such a lawsuit.  *Id.*  The IMA in this case, conversely, expressly contemplates the possibility of inter-party lawsuits; it provides, *inter alia*, that Plaintiffs "shall not be liable to the [Defendants] or anyone for any reason whatsoever . . . ."  FAC Ex. A § 7(b). It repeatedly disclaims Plaintiffs' liability to the Defendants for the then-uncertain validity of the

Defendants' tax-shelter scheme.  *See, e.g., id.* § 7(c) ("[Plaintiffs are] not required to inquire into

or take into account the effect of any tax laws or the tax position of the [Defendants] in

connection with managing the Account.  To the fullest extent permitted by law, neither the

[Plaintiffs, their] members or any of their respective affiliates . . . shall be liable in any manner to

the [Defendants] with respect to the effect of any . . . taxes of any nature on the Account or the

[Defendants] . . . .").  The IMA is therefore distinct from the landlord-tenant agreement in *Islip*

and from the agreements at issue in the other cases on which the Defendants rely.  *See* Def.

Mem. Law at 4-5 (citing *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 492

(1989) and *Bridgestone/Firestone, Inc. v. Recovery Credit Servs.*, 98 F.3d 13, 21 (2d Cir. 1996)).

       Defendants also take issue with the Court's statement that it "could plausibly infer the

authors' unmistakably clear intent that section seven of the IMA provide for indemnification for

inter-party suits."  Reply at 2-3 (quoting *Coe I*, 2014 WL 4197370, at *5).  Defendants assert that

this finding is inconsistent with the Second Circuit's admonition that "[u]nder New York law,

'the court should not infer a party's intention' to provide counsel fees as damages for a breach of

contract 'unless the intention to do so is unmistakably clear' from the language of the contract.'"

*Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) (quoting *Hooper*, 74

N.Y.2d at 492).  These two statements are, however, consistent.  The Court has found that

Plaintiffs' reading of the IMA – that it unmistakably provides for inter-party indemnification – is

one plausible reading of the agreement based on its text alone.  Defendants are free to argue that

there is another plausible reading of the IMA and that it is, therefore, ambiguous, but such a

potential argument does not entitle them to judgment on a motion to dismiss.

       Defendants juxtapose the Court's assertion that it could "infer" the drafters' unmistakably

clear intent to provide for inter-party indemnification with its excerpt of the *Oscar Gruss*

quotation, which provides that "'[u]nder New York law, the court should not infer a party's

intention' to extend a general indemnification duty to cover actions between the parties." *Coe I*,
2014 WL 4197370, at *5 (quoting 337 F.3d at 199) (other quotation marks omitted).  The latter
quotation requires courts to cabin "general indemnification duties," meaning those that do not
provide a basis for the belief that they are intended to cover inter-party suits.  New York law
does not require courts to stop using the power of inference altogether in interpreting
indemnification clauses – indeed, the Second Circuit has employed this logical tool to find
implicit inter-party indemnification provisions after it decided *Oscar Gruss*.  In *Mid-Hudson
Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, then-Judge Sotomayor interpreted a
contract that contained two different indemnification clauses, one in the original version of the
contact and a second added later.  418 F.3d 168, 178 (2d Cir. 2005).  "[T]he parties did not
simply copy the structure and wording of the first provision in drafting the second; instead, they
wrote an indemnity clause that sweeps more broadly, providing for reimbursement of attorney's
fees regardless of the nature of the underlying action."  *Id.*  The Second Circuit inferred from the
"broad language of the second provision, when read in conjunction with the first provision," the
unmistakable – but not explicit – intent of the parties that the second provision would cover
inter-party suits.  *Id.* at 178-79.  It is at least plausible that a similar inference should be made in
this case.

     In the absence of any new evidence or new legal authorities, the Defendants have not
articulated a basis for the Court to reconsider its prior decision.  Accordingly, their motion for
reconsideration is denied.

## II.    Defendants' Motion for Certification under 28 U.S.C. § 1292(b) Is Denied

     Next, Defendants move for certification of the *Coe I* Opinion under 28 U.S.C. § 1292(b),
which permits the Court of Appeals "to exercise appellate jurisdiction over certain appeals from
non-final orders when the district court advises, and the court of appeals agrees, that the district

court's decision involves 'a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 143 n.15 (2d Cir. 2014). "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on ephemeral questions of law that might disappear in the light of a complete and final record.'" *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007) (quoting *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996)) (alterations omitted). Until the district court certifies an order, "the certification decision is entirely a matter of discretion for the district court." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014) (*per curiam*). "The Second Circuit 'urges the district courts to exercise great care in making a § 1292(b) certification.'" *Childers v. N.Y. and Presbyterian Hosp.*, --- F. Supp. 3d ---, No. 13-CV-5414(LGS), 2014 WL 2815676, at *21 (S.D.N.Y. June 23, 2014) (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)) (alteration omitted).

### A.  Controlling Question of Law

Defendants have identified two questions of law that they assert are controlling – whether the IMA's inter-party indemnification language is ambiguous and, if not, what it unambiguously means. "Whether a contract is ambiguous is a question of law," and, if it is not ambiguous, then the meaning of the contract is determined as a matter of law. *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011); *see also White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 267 (2007) ("the interpretation of [unambiguous] provisions is a question of law for the court.").

Plaintiffs do not challenge that these questions are controlling, although the Court has its doubts. "In determining whether a controlling question of law exists, the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action;

reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action[;] or[] the certified issue has precedential value for a large number of cases." *In re Lehman Bros. Holdings Inc.*, No. 13-CV-2211(RJS), 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014)) (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000)) (alteration omitted); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). A finding for the Defendants on the purely legal question whether the IMA unambiguously precludes inter-party indemnification would not terminate this matter – Plaintiffs' second cause of action, for breach of the warranties in the Belief Letter, would survive. Moreover, the Circuit's precedential views on the meaning of the contractual language used by the parties in this case would have minimal value for other cases. Nevertheless, the Court assumes that Plaintiffs' failure to weigh in qualifies as a concession that the Circuit's judgment might "significantly affect the conduct of the action," and that Defendants have therefore shown that this is a "controlling question of law" for the purposes of § 1292(b). *Murray v. UBS Sec., LLC*, No. 12-CV-5914(KPF), 2014 WL 1316472, at *3-4 (S.D.N.Y. Apr. 1, 2014).

### B. Substantial Ground for Difference of Opinion

The requirement that a certified order contain substantial ground for difference of opinion cannot be met simply because one party is dissatisfied with the Court's ruling, any more than it can be defeated simply because the Court believes itself to be correct. *Cf. In re Citigroup Pension Plan ERISA Litig.*, No. 05-CV-5296(SAS), 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4, 2007); *accord Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11-CV-5994(CM), 2012 WL 2952929, at *8 (S.D.N.Y. July 18, 2012). Instead, "[t]he requirement of § 1292(b) that there be a 'substantial ground for difference of opinion' is satisfied where (1)

there is conflicting authority on the issue, or (2) the issue is particularly difficult, and one of first impression in the Second Circuit." *In re Trace Int'l Holdings, Inc.*, No. 04-CV-1295(KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009) (citing *Klinghoffer*, 921 F.2d at 25, and *Padilla v. Rumsfeld*, 256 F. Supp. 2d 218, 221 (S.D.N.Y. 2003)).  Neither is true here.  The authority on the question of inter-party indemnification is not conflicting, and Defendants do not take issue with the Court's understanding of the law; Defendants simply disagree with the district court's *application* of well-established New York contract law.  This is not sufficient.  *See Citigroup Pension Plan*, 2007 WL 1074912, at *2 ("'A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion.'") (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005)); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (*per curiam*).  Moreover, there is no question of first impression in this case, only a run-of-the-mill disagreement about the application of established law to the contract at issue.

### C.  Material Advancement of the Litigation

"Allowing an interlocutory appeal would only advance termination of the litigation if [Defendants] are successful on appeal." *Lehman Bros. Holdings*, 2014 WL 3408574, at *2.  If Defendants are unsuccessful, they will have postponed the resolution of this case, which is particularly problematic insofar as advancement of costs becomes an empty promise if it is deferred until at or near the termination of the underlying litigation.  "Indeed, by the time the appeal is resolved, the advancement issue could be mooted by the conclusion of the litigation for which the [party] needed the advance." *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1232 (10th Cir. 2009).  On balance, then, certification is likely to do more harm than good to the future of this litigation.

### D.  Exceptional Circumstances

Even were all of the requirements of 28 U.S.C. § 1292(b) met, the Court would not certify this question.  Certification requires "exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 505 F.3d 226, 229 (2d Cir. 2007) (internal quotation marks and alteration omitted); *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  The only prejudice that would result from requiring the Defendants to litigate this action until entry of a final judgment is the cost of litigation; this is not, in itself, a sufficient basis to certify an otherwise-unexceptional order. "Generally, such added delay and expense cannot justify an interlocutory [appeal] except in "'big' cases, in which it is expected that prolonged pretrial and protracted trial efforts will follow the disputed ruling.'"  *Lehman Bros. Holdings*, 2014 WL 3408574, at *3 (quoting 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3929 (3d ed.)).  While this case is not the smallest on the Court's docket, it is not a "big case" for the purposes of Section 1292(b).

Defendants' motion to certify the Court's August 25, 2014 Opinion for interlocutory appeal is therefore denied.

### CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration or certification is DENIED.  The Clerk of the Court is respectfully directed to terminate Dkt. 49.

**SO ORDERED.**

Date:  **November 12, 2014**
    **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

8